# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA LLOYD, JAMIE PLEMONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 17-cv-1280-BAS-RBB<br><br>**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION**<br><br>**[ECF No. 72]** |

Plaintiffs Jenna Lloyd and Jamie Plemons ("Plaintiffs") move for partial reconsideration of the Court's order granting in part and denying in part their consolidated motion for attorneys' fees in the amount of $6.125 million, reimbursement of costs and expenses in the amount of $143,038.82, and $5,000.00 service awards for each named Plaintiff, a motion that Plaintiffs filed in connection with the motion for final approval of the class action settlement in this case. (ECF No. 72.) In its preliminary approval order, the Court ordered Plaintiffs to thoroughly support all requests for attorneys' fees and costs and expenses sought in connection with final approval. (ECF No. 54 at 29.) And, more specifically, during the Final Approval Hearing, the Court requested additional information regarding fees for Plaintiffs' expert, Arthur Olsen, for whom Plaintiffs requested approval of $132,500.00 in fees charged. (ECF No. 69). After consideration of Plaintiffs'

submissions, the Court granted in full Plaintiffs' request for an award of $6.125 million in attorneys' fees and granted Plaintiffs' request for service award. The Court, however, did not approve in full Plaintiffs' request for reimbursement of $132,500.00 in fees for Plaintiffs' expert, Arthur Olsen. (ECF No. 65-1 at 14.) The Court approved "$23,400.00 in fees for Olsen's work performed prior to the Court's preliminary approval order as reflected in his invoices" and denied reimbursement of $109,100.00 on the ground that this amount was unreasonable based on the information provided to the Court. (ECF No. 70 at 30–31.)

Seeking now to present the Court with supplemental information regarding the work Olsen performed, Plaintiffs move for partial reconsideration and request approval of the remaining $109,100.00 in Olsen's charged fees. (ECF No. 72.) Plaintiffs contend that denial of this additional amount would be "manifestly unjust." For the reasons herein, the Court denies Plaintiffs' motion for reconsideration.

## LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion to reconsider must (1) show some valid reason why the court should reconsider its prior decision, and (2) set forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *Cancino Castellar v. Nielsen*, 338 F. Supp. 3d 1107, 1110 (S.D. Cal. 2018); *Frasure v. United States*, 256 F. Supp. 2d 1180 (D. Nev. 2003) (citing *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648-49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)). Because Plaintiffs have filed the present motion less than 28 days after issuance of the Court's order entering final judgment, the Court construes the present motion as

asserted pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 28(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

**DISCUSSION**

In their present motion for reconsideration, "Plaintiffs concede that the record on" Olsen's work following the Court's preliminary approval order "is less than clear" and thus Plaintiffs now submit a supplemental declaration from Olsen to document "the specific nature of Mr. Olsen's crucial contributions both before and after preliminary approval that justify the entire amount requested." (ECF No. 72-1 at 1; ECF No. 72-2 Arthur Olsen Supp. Decl.)[1]  Based on the supplemental information, Plaintiffs argue that "excluding the additional expenses sought would be manifestly unjust given the critically important work Mr. Olsen performed for the Settlement."[2]  (ECF No. 72-1 at 3.)  The Court disagrees.

"Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been

---

[1] The Court already approved reimbursement of expenses attributable to Olsen's work performed prior to the Court's preliminary approval order. (ECF No. 70.)  Plaintiffs' and Olsen's repeated discussion of this work is therefore irrelevant to whether reimbursement of the additional $109,100.00 is warranted.

[2] Reliance on the "manifestly unjust" basis for reconsideration is the only basis for reconsideration here because: (1) there was no "intervening change in controlling law" in the week between the issuance of the Court's final approval order and the present motion, (2) there was no "clear error" in the Court's order, and (3) Plaintiffs offer no "newly discovered evidence" concerning the $109,100.00 in expenses.

committed.'" *Young v. Wolfe*, CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). Dispositive to the Court's rejection of Plaintiffs' manifest injustice argument is Plaintiffs' failure to comply with two orders of this Court that expressly requested additional information for any fees sought in connection with final approval of the settlement, including Olsen's fees.

As an initial matter, Plaintiffs could not have expected that the Court would treat a request for reimbursement of expert fees as a mere administrative formality simply because the motion was unopposed. As the movants who sought reimbursement of fees from the Settlement Fund, Plaintiffs bore the burden to show the reasonableness of any expenses sought. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). And this Court had its own obligation to assess the reasonableness of any award. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.").

More critically, the Court expressly directed Plaintiffs to thoroughly support any motion for attorneys' fees and expenses with supporting declarations filed in connection with the final approval motion. (ECF No. 54 at 29 ("For any and all attorneys' fees and costs, Class Counsel must submit a detailed motion, supported by declarations and appropriate evidence, which . . . explains why all attorneys' fees and costs requested [are] warranted under the circumstances of this case.").) Plaintiffs filed a motion for approval of $6.125 million in attorneys' fees, $132,500.00 in fees attributed to Olsen's work, and certain other costs and expenses. (ECF No. 65-1.) Although Plaintiffs provided extensive information in their motion about the asserted reasonableness of the $6.125 million in attorneys' fees sought to be paid from the

$24.5 million Settlement Fund, Plaintiffs provided scant information regarding the $132,500.00 in fees attributed to Olsen's work. (*Compare* ECF No. 65-1 at 6–22 (arguing that requested $6.125 million in attorneys' fees was reasonable) *with id.* at 22–23 (arguing in single paragraph that requested reimbursement of $143,038.82 in expenses was warranted).) Given this insufficient showing, at the Final Approval Hearing the Court ordered Plaintiffs to provide supplemental information regarding Olsen's fees. Plaintiffs provided a compilation of Olsen's invoices, which identified the amounts charged, but did not provide any additional detail regarding the work actually performed. (ECF No. 66.) The Court was thus left, again, with an inadequate basis to find reasonable the entire amount of $132,500.00 in fees for Olsen that Plaintiffs sought, particularly when the Court understood his work as merely confirming information already known to the parties and the Court before the Court's preliminary approval order.

Plaintiffs' motion mistakes the asserted importance of Olsen's work as the relevant issue on reconsideration. However, it is not the importance of Olsen's work, but rather Plaintiffs' failure to comply with two court orders directing them to thoroughly support their requests and, more specifically, their request for reimbursement of Olsen's fees. "It is not manifestly unjust to require a party to abide by the court's orders." *Providence Health Plan v. Manogiamanu*, No. 3:14-cv-79 JWS, 2017 WL 2454314, at *1 (D. Alaska June 6, 2017). Under these circumstances, denial of reconsideration of Plaintiffs' request for an additional $109,100 in fees for Olsen is not manifestly unjust.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for partial reconsideration. (ECF No. 72.)

**IT IS SO ORDERED.**

**DATED: June 25, 2019**

Hon. Cynthia Bashant
United States District Judge