# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNA LLOYD and JAMIE PLEMONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No.: 17-cv-01280-BAS-RBB<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF *CY PRES* DISTRIBUTION**<br><br>**(ECF No. 75)** |

Before the Court is the parties' Joint Motion for Approval of Cy Pres Distribution ("Joint Motion"). (ECF No. 75.) For the foregoing reasons, the Court **GRANTS** the Joint Motion.

## I.   BACKGROUND

Plaintiffs filed this action alleging that Navy Federal improperly assessed and collected Optional Overdraft Protection Fees ("OOPS Fees") from Plaintiffs and a putative class of Navy Federal accountholders on certain debit card transactions. (*See* First Am. Compl., ECF No. 4.) The parties ultimately reached a settlement, which establishes, in relevant part, that after two rounds of distribution, any remaining settlement funds shall be distributed to the *cy pres* recipient. (Settlement Agreement ¶ 83(a)–(c), Ex. A to Mot. for Prelim. Approval, ECF No. 51-2.) The parties were tasked with proposing a recipient that "work[ed] to promote financial literacy, including for

members of the military or veterans." (*Id* ¶ 83(d)*.*)  The Court granted preliminary approval of the settlement on October 22, 2018 and final approval on May 28, 2019. (ECF Nos. 54, 70.)

In the instant Joint Motion, the parties seek the Court's approval to distribute the residual settlement funds to the Navy-Marine Corps Relief Society (the "Society"). (Joint Mot. at 1.)  They state that, compliant with the Settlement Agreement, a first distribution of settlement funds was either credited to the accounts of Settlement Class Members who still maintained an account with Navy Federal, or checks were mailed to former accountholders.  (*Id.* at 2.)  A second distribution was conducted in the same manner one year later using the remaining funds.  After these two distributions, $171,509.22 remains in the settlement fund, which the parties seek to distribute to the aforementioned *cy pres* beneficiary.  (*Id.* at 3.)

## II.   LEGAL STANDARD

"[T]he '*cy pres* doctrine allows a court to distribute unclaimed or nondistributable portions of a class action settlement fund to the 'next best' class of beneficiaries.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)).  "The district court's review of a class action settlement that calls for a *cy pres* remedy is not substantially different from that of any other class-action settlement except that the court should not find the settlement fair, adequate, and reasonable unless the *cy pres* remedy 'account[s] for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members[.]" *Id.* (quoting *Nachshin*).  "The court has 'broad discretionary powers in shaping' a *cy pres* award." *In re Easysaver Rewards Litig.*, 906 F.3d 747, 761 (9th Cir. 2018), *cert. denied sub nom. Perryman v. Romero*, 139 S. Ct. 2744 (2019) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990)).

## III.  DISCUSSION

The Court finds the proposed *cy pres* remedy accounts for the nature of this lawsuit.  The claims in this action were breach of contract and conversion stemming

from "the interpretation of consumer account documents and the accrual of fees when accounts are overdrawn." (Joint Mot. at 3.) Thus, this case touches on financial literacy. The proposed *cy pres* recipient aligns with this interest. The Society works to provide military members and their families with information and counseling to improve their financial literacy. (*Id.* at 4.)

The Court also finds that the interests of silent class members would be advanced by distributing *cy pres* funds to the Society. By helping individuals better understand the financial system and obtain the personal skills necessary to take responsibility of their finances, the Society makes it more likely that class members and, more broadly, any consumers of Navy Federal will be familiar with consumer account documents, such as the one at issue in this case, and avoid the fees and penalties imposed on personal accounts outlined in these disclosures.

## IV. CONCLUSION

Having considered the parties' Joint Motion and finding the proposed *cy pres* beneficiary appropriate, the Court hereby **GRANTS** the Joint Motion. The Settlement Administrator is **HEREBY ORDERED** to distribute the remaining balance of the $171,509.22 in Settlement funds as a *cy pres* award to the Navy-Marine Corps Relief Society.

**IT IS SO ORDERED.**

**DATED: July 27, 2021**

Hon. Cynthia Bashant
United States District Judge